March 3.
JUDGE COALTER
delivered the opinion of the Court.
This is an action of debt on a bond taken by the Appellant on the sale of his intestate’s estate. There are several pleas; 1. That of payment. 2. That the bond was obtained by fraud, covin and misrepresentation, in this, that it was given for the price of a slave (Judith) exposed to public sale: that she was, at the time of the sale unsound and of no value; and that the plaintiff, at the time of the sale, knew that she was unsound and of no value, but by *652 deceit, &c. fraudulently concealed the same. 3. That the bond was obtained by fraud, covin, and misrepresentation. 4. That it was obtained by fraud, covin, and misrepresentation, by the Plaintiff, and others in collusion with him, falsely and fraudulently representing to the Defendant, that the slave, for whose purchase the bond was executed, was then and there pregnant and healthy, in confidence of which false representation, the writing was given. This plea does not state, that she was not pregnant, and that she was not healthy, further than may be inferred from the allegation, that she was falsely represented to be so; nor does it aver a sale of the slave, either public or private, except so far as may be inferred from the allegation, that the bond was for her purchase; nor does it say, that the representation was made in the sale, but seems rather to confine it to the time of giving the bond.
*On issues made up on these pleas, the Jury find for the Defendant, subject, however, to the opinion of the Court on the following question: “whether the representations of a crier at a public sale, in relation to the property, under the hammer, are to be considered, in Daw, as the representations of the principal, no authority being given by the principal to the crier to make such representation?”
The first two pleas go to the entire action. The first avers payment of the whole debt. The second avers a fraudulent concealment of unsoundness, which rendered the slave of no value. The third does not state whether the fraud and misrepresentation affected the consideration of the bond, or the manner of its execution ; and therefore, presents no point on which an issue could be taken, or Judgments rendered. The fourth is the one on which the verdict of the Jury shows that the cause turned. Independent of the above remarks as to this plea, it is not a plea to the whole action. It does not aver that the slave was of no value. She might have been sound, though not pregnant; or she may have been neither and still of considerable value. There is no averment that the Defendant offered to rescind the contract and return her, if that would have altered the case. The facts stated in the plea, giving them their utmost latitude could only entitle the Defendant to compensation for the difference in the value of the slave, if pregnant and sound, and her real value. This, sounding altogether in damages, was the proper subject of an action of deceit, and could not be adjusted on the issues joined in this cause. It was not enough to avoid the bond in toto, so as to produce the great injustice of leaving the Defendant in possession of the Plaintiff’s property, without paying for it what it was really worth. In the case of Chew, ex’or of Wormeley v. Moffatt, 6 Munf. 120, the plea of fraud went to the whole consideration, and was an answer to the whole action.
This case presents a striking instance of the effects of the extremely loose practice, to say no more of it, which prevails *in our Inferior Courts, continually presenting new and unheard of questions for the decision of this Court. A general demurrer to the three last pleas would have been decisive of the case. The Statute of Jeofails cannot aid the party in such a case as this. Admitting all he says to be true, the Court cannot give Judgment according to the right of the case. He can have no right to hold the slave, though unsound, without paying her real „ value. Had the verdict of the Jury been for the Plaintiff, if the Daw on the point reserved should be for him, otherwise for the Defendant, this would have shown that there was nothing in the case except what grew out of the fourth plea; and in that case, the Court might have rendered Judgment, for the Plaintiff, non obstante veredicto.
Independently, therefore, of the objection, that the verdict presents an abstract question, and the strong views which might be taken on that and various other grounds taken in the argument against the Judgment of the Court below, those taken above preclude the necessity of going into them.
The Judgment of the Superior Court must he reversed, and the third and fourth pleas, and the issues thereon, set aside as immaterial, and a venire de novo awarded, to try the issues on the first and second pleas.